IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RANA S., | |
| Plaintiff, | MEMORANDUM DECISION |
| v. | AND ORDER OF REMAND |
| ANDREW M. SAUL, | |
| Commissioner of Social Security, | Civil Action No. 2:19-cv-00329-DBP |
| Defendant. | |
| | Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 636(c), the parties consented to have United States Magistrate Judge Dustin B. Pead conduct all proceedings in this case, including trial, entry of final judgment, and all post-judgment proceedings.[1]

Plaintiff Rana S.[2] ("Plaintiff") seeks judicial review of the Decision ("Decision") of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her claims for Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act. Telephonic oral argument on Plaintiff's appeal was held April 7, 2020.[3]

---

[1] *See* Docket No. 14.

[2] Pursuant to best practices adopted in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the Court will refer to the Plaintiff by her first name and last initial only, or as "Plaintiff", in this Order.

[3] *See* Docket No. 25, Docket No. 26.

Attorney Andrew Reichardt appeared on behalf of Plaintiff and attorney Jennifer Randall appeared on behalf of the Commissioner.

Now, after careful review of the administrative record, the parties' briefs, oral argument, and the relevant law, the court concludes that the correct legal standards were not applied, and the Decision is not supported by substantial evidence. Accordingly, the Commissioner's Decision, as to the issue identified below, is VACATED and REMANDED with instructions consistent with this Order.

## II. STANDARD OF REVIEW

The scope of review is narrow and specific, and the Court is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.[4] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5]

In reviewing the record, the Court may neither "reweigh the evidence [n]or substitute [its] judgment for the Commissioner's."[6] In turn, where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision should be affirmed.[7]

---

[4] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[5] *Id.* (citation omitted).

[6] *Id.* (citation omitted).

[7] *Ellison v. Sullivan,* 929 F.2d 534, 546 (10th Cir. 1990)

## III. **DISCUSSION**

### A. Background

On September 28, 2015, Plaintiff applied for a Supplemental Security Income Benefits under Title XVI of the Social Security Act alleging disability beginning May 1, 2014.[8] Plaintiff's claim was initially denied on February 29, 2016, and upon reconsideration on May 11, 2016.[9] Thereafter Plaintiff made a timely request,[10] and an administrative hearing was held on March 2, 2018, before Administrative Law Judge ("ALJ") Preston Mitchell in Salt Lake City Utah.[11] Vocational Expert Dina J. Galli appeared and testified at the hearing and Plaintiff was represented by her current attorney of record, Andrew Reichardt.[12]

On May 21, 2018, the ALJ issued a Decision denying Plaintiff benefits.[13] In doing so, the Decision followed Social Security's five-step sequential evaluation for determining disability.[14] As outlined at Step 1 of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 28, 2015, Plaintiff's SSI application date.[15] At Step 2 he found that during the relevant period Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, major depressive disorder, and post-traumatic stress disorder (PTSD).[16] At Step 3,

---

[8] Tr. 223-233.

[9] Tr. 174-177, 183-185.

[10] Tr. 186-189.

[11] Hearing Transcript at Tr. 42-65.

[12] Hearing Transcript at Tr. 60-64, 297.

[13] Tr. 24-41.

[14] 20 C.F.R. § 416.920(a)(4).

[15] Tr. 29.

[16] *Id.*

he did not find that Plaintiff met or equaled the criteria of any of the impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1.[17]

Next, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC"):

> to perform light work as defined in 20 C.F.R. 416.967(b) except, due to pain, side effects of medication, and mental impairments, she can have no more than occasional changes in a routine work setting and can have no more than occasional contact with the public, co-workers, or supervisors.[18]

At Step 4 of the sequential evaluation, the ALJ found Plaintiff had no past relevant work.[19] Finally at Step 5, pursuant to VE testimony, the ALJ determined that Plaintiff could perform three jobs existing in significant numbers in the national economy----Produce Sorter, Cleaner/Housekeeping, and Folder----and therefore concluded that Plaintiff was not entitled to benefits.[20]

Plaintiff appealed the denial of benefits to Social Security's Appeals Council.[21] The Appeals Council denied review, rendering the ALJ's Decision final for purposes of this Court's review.[22]

### B. Argument

On appeal Plaintiff argues the ALJ failed to resolve conflicts between the Dictionary of Occupational Titles ("DOT") and the vocational expert's ("VE") testimony.[23] Specifically, all three occupations identified by the VE, and adopted by the ALJ, require "Language Level 1"

---

[17] Tr. 30-31.

[18] Tr. 32.

[19] Tr. 35.

[20] Tr. 36.

[21] Tr. 216-219, 300-302.

[22] Tr. 1-7; 20 C.F.R. §416.1481.

[23] *See* SSR 00-4p.

4

which includes basic reading, writing and speaking capabilities.[24] Yet, in his Decision the ALJ acknowledged that Plaintiff was unable to communicate in English.[25] As a result, Plaintiff contends the ALJ failed to resolve conflicts between the DOT and VE testimony and remand is appropriate.

The Commissioner counters, arguing the VE's testimony constitutes substantial evidence in support of the ALJ's finding that Plaintiff could do unskilled, light work in the national economy.[26] Further, it was appropriate for the ALJ to consult with the VE regarding claimant's RFC limitations[27] and, in doing so, the ALJ properly inquired about conflicts and provided an opportunity for Plaintiff to cross-examine the expert.[28] Therefore, no error exists and the Commissioner's decision should be affirmed.

### C. Social Security Ruling 00-4p

The purpose of Social Security Ruling 00-4p ("SSR" or "Ruling") is to clarify relevant "standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), . . . in the evaluation of disability claims."[29] Because

---

[24] *See* DOT job description Section 323.687-014 (house cleaner); Section 369.687-018 (folder); Section 529.687-186 (Sorter, agricultural produce).

[25] Tr. 35 ("claimant is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English."); *see* 20 C.F.R. § 416.964.

[26] Tr. 36-37.

[27] SSR 83-14; 1983 WL 31254, at *4; *see also* 20 C.F.R. § 416.966(e) (use of vocational experts).

[28] Tr. 64; *see Glass v. Shalala,* 43 F.3d 1392, 1396 (10th Cir. 1994) (declining to remand for further examination of vocational expert, where the claimant's counsel said he had no objections to the expert's testimony and nothing further for the ALJ).

[29] SSR 00-4p: Use of Vocational Expert and Vocational Specialist Evidence and Other Reliable Occupational Information in Disability decisions; *see* 2000 SSR LEXIS 8.

neither the DOT nor VE testimony "automatically trumps," the Ruling requires the ALJ to: (1) ask the VE if the evidence provided "conflicts with information provided in the DOT"; and (2) if there is conflict, obtain a reasonable explanation" for the variance.[30] Specifically, where testimony by the VE is inconsistent with information in the DOT, the ALJ "must resolve [the] conflict before relying on the VE [ ] evidence to support a determination or decision that the individual is or is not disabled."[31] Further, the ALJ must explain how the conflict was resolved "irrespective of how the conflict was identified."[32]

### D. Analysis

The parties agree that the ALJ has a duty to identify and obtain a reasonable explanation for conflicts between VE testimony and the DOT.[33] But here Plaintiff argues the ALJ improperly passed his affirmative duty to the VE when he preemptively asked her to address conflicts in advance of her testimony, stating:

> ALJ: And do you understand if you give us an opinion which conflicts with the information in the *Dictionary of Occupational* Titles that you need to affirmatively advise us of that conflict and the basis or bases for your opinion?
>
> VE: Yes, I understand.[34]

Plaintiff's argument is one of timing and burden and, on balance, the Court agrees concluding remand is appropriate.

SSR 00-4p clarifies the adjudicator's duty to fully develop the record and states it is "*the adjudicator* [who] has an affirmative responsibility to ask about any possible conflict."[35] In

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] Hearing Transcript at 61-62.

[35] SSR 00-4p; 2000 SSR LEXIS 8 (emphasis added).

6

doing so, the Ruling places an "affirmative responsibility" on the ALJ to inquire and determine "if the evidence he or she *has provided* conflicts with information provided in the DOT."[36] Here, prior to obtaining testimony, the ALJ transferred his affirmative duty to develop the record and inquire about possible conflicts onto the VE. For the reasons discussed, the court concludes it was in error to do so as the ALJ did not satisfy his obligation to inquire about and clarify any inconsistencies between VE testimony and the DOT.[37]

It is unclear that further inquiry by the ALJ will alter the conclusion. Indeed, the DOT lists the maximum requirements of any job listed, not the minimum, and it is possible that the jobs identified could be performed by an individual unable to communicate in the English language.[38] That said, the Ruling is designed to "clarif[y] our standards" and bring consistency to the ALJ's consideration of vocational expert testimony.[39] At Step 5, it is the Commissioner who bears the burden of proving that a "claimant has the residual functional capacity to do other work that exists in the national economy."[40] And, to rule otherwise would relieve the ALJ of his

---

[36] *Id.*

[37] *See Sida v. SSA,* 349 F. Supp. 3d 1149, 1162 (Dist. N.M. 2018) (legal error where ALJ "conspicuously neglected" to ask VE about a conflict with information provided in the DOT.).

[38] SSR 00-4p ("[t]he DOT lists the maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings."); *see Priel v. Astrue,* 2010 U.S. Dist. LEXIS 3351, *10 (W.D.N.Y. 2010) (because the positions identified by the VE "state maximum literacy requirements, does not mean that such literacy requirements are essential and requisite in every job under the category.").

[39] *Id.*

[40] *Talbot v. Heckler,* 814 F.2d 1456, 1460 (10th Cir. 1987).

7

responsibility "to thoroughly develop the vocational evidence" by improperly shifting the burden onto the Plaintiff.[41]

## IV. CONCLUSION

For the reasons set forth above, the Decision of the ALJ is VACATED and the matter is REMANDED for the narrow purpose of determining whether an actual conflict exists between the VE's testimony and the DOT and if so whether such conflict would result in an erosion of the available job base.

DATED this 30th day of April 2020.

_____
DUSTIN B. PEAD
United States Magistrate Judge

---

[41] *Haddock v Apfel,* 196 F.3d 1084, 1090 (10th Cir. 1999); *see also Thompson v. Sullivan,* 987 F.2d 1482, 1491 (10th Cir. 1993) ("it is not [the claimant's] burden to prove that he cannot work at any level lower than his past relevant work; it is the [agency's] burden to prove that he can.).

8